UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| D.L., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:17 CV 1773 RWS |
| ST. LOUIS CITY PUBLIC SCHOOL DISTRICT | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff in this disability education case seeks attorneys' fees and non-taxable expenses pursuant to 20 U.S.C. § 1415(i)(3). Plaintiff is the prevailing party, but only with respect to a portion of the relief sought. As a result, I will reduce Plaintiff's attorneys' fees proportionally to the amount of relief obtained, awarding Plaintiff $34,523.43 in attorneys' fees and $773.87 in taxable costs.

## BACKGROUND

Minor Plaintiff D.L. brings this case appealing a ruling from the Missouri Administrative Hearing Council (AHC) pursuant to the Individuals with Disabilities Education Act (IDEA). In my order granting judgment on the administrative record, [No. 342], I concluded that D.L.'s November 2016 Individualized Education Plan (IEP) was not reasonably calculated to provide him with a free and appropriate public educate (FAPE), but only with respect to the

1

period of time where the chosen school placement had no history of, nor preparation for, autism-related educational supports. (ECF No. 42). I ordered the defendant St. Louis School District to reimburse D.L. for costs incurred in his separate private school placement during that period of time. (Id.). D.L.'s parents also sought an educational diagnosis of autism, (ECF No. 33 at 27), and an order that D.L. be allowed to "stay put" in his private school placement, (ECF No. 48 at 2). D.L.'s parents reasserted their request for relief in a motion for reimbursement, (ECF No. 49), and a motion for amended relief, (ECF No. 48). I denied their motion for amended relief, (ECF No. 60), and granted their motion for reimbursement, but only with respect to the relief previously granted.

Plaintiff now moves for attorneys' fees, (ECF No. 43), and taxable costs, (ECF No. 45). Plaintiff also moves to supplement his original motion for attorneys' fees to include fees incurred litigating his motion for amended relief and motion for reimbursement.

## LEGAL STANDARD

The IDEA allows courts to award "<u>reasonable</u> attorneys' fees as part of the costs" to a "prevailing party." 20 U.S.C. § 1415(i)(3) (emphasis added). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424,

433, (1983). "In awarding attorney fees, 'the most critical factor is the degree of success obtained.' " Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003) (quoting Hensley, 461 U.S. at 436). I must consider the "significance of the overall relief" I have awarded to the plaintiff. Hensley at 437. If the plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 435. If the plaintiff has instead achieved "partial or limited success, [full recovery] may be an excessive amount." Id. at 436.

"There is no precise rule or formula for making these determinations." Id. at 436. I may "identify specific hours that should be eliminated, or . . . simply reduce the award to account for the limited success." Id. at 436–37. Granted, I must make clear that I have "considered the relationship between the amount of the fee awarded and the results obtained." Id. at 437. "[T]he fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates." Id.

## ANALYSIS

### I. The Parties' Arguments

In his first motion for attorneys' fees, Plaintiff seeks $103.875.00 in attorneys' fees and $773.87 in reimbursable litigation expenses through July 23, 2018. In his second motion, Plaintiff seeks to supplement an additional $13,500.00 in attorneys' fees, for a total of $117,375.00, for work completed from July 23 to October 15, 2018. The additional requested attorneys' fees were billed

for work on an unsuccessful motion for amended relief and a motion for reimbursement that unsuccessfully relitigated aspects of Plaintiff's original motion for judgment on the administrative record.

The Defendant St. Louis City Public School District ("the District") argues that Plaintiff has received only a limited portion of his requested relief. "[T]he District believes that Plaintiff was, at best, 20% successful" and that any attorneys' fee award should be reduced to 20% of the fees billed by Plaintiff's counsel. (ECF No. 64 at 5). The District also identifies specific entries which were unnecessary to the relief obtained, or unsuccessful, and should not be included in any attorneys' fee award. Specifically, the District seeks reductions for

- 11.9 hours explicitly dedicated to arguing for an educational diagnosis of autism, (ECF No. 44-1 at rows 61, 107, and 114),

- 1.5 hours dedicated to an unsuccessful motion for oral argument, (id. at rows 208-213),

- 30.4 hours dedicated to Plaintiff's motion for amended judgment, (ECF No. 61-1 at rows 216, 217, 220-226, 248, 250, 265, 267-269, 273-275, 277-280, 283-284, and 286), and

- 19.8 hours dedicated to Plaintiff's motion for tuition reimbursement, (ECF No. 61-1 at rows 259-264, 266, 276, 282, and 285), only one

hour of which was allegedly necessary.[1]

The District also argues that Plaintiff's counsels' hourly rates are unreasonable and should be reduced to reflect hourly rates billed for counsel representing school districts in IDEA cases.

## II. Appropriate Adjustments to Plaintiff's Requested Award

The product of a reasonable rate and reasonable hours, the lodestar award, "is presumptively a reasonable fee." Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993). Once a party raises objection to a fee request, however, I have "a great deal of discretion to adjust the fee award in light of those objections." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Having carefully reviewed the District's objections and the Plaintiff's time entries, I agree with the suggested reductions: Plaintiff was not successful on the matters listed above, (see ECF No. 60), and it is inappropriate to award relief for work dedicated to those points. Additionally, Plaintiff was only partially successful in obtaining tuition reimbursement, and Plaintiff was not successful in obtaining a "stay-put order." Specifically, I ordered relief only for the period of time during which the chosen school had no history of, nor preparation for, autism-related educational supports. (ECF No. 42). For that reason, I only awarded $27,157.50 out of the $76,372.50 that Plaintiff sought in tuition

---

[1] Of the requested 62.6 hours to be reduced, attorney Sarah Hunt logged 47.5 of those hours and attorney Thomas Kennedy logged the remaining 15.1 hours.

reimbursement. (ECF No. 60). I find that this percentage 35.56% ($27,157.50 out of $76,372.50) appropriately represents the degree of Plaintiff's success achieved on this item. As a result, after subtracting for unsuccessful motions not related to the tuition reimbursement relief, I will multiple the remaining hours by 0.3556 to establish a reasonable attorneys' fee in this case.

Finally, I disagree with the District's argument that Plaintiff failed to establish that his attorneys' hourly rates were reasonable for an attorney in this market practicing in this area of law. Popular clearinghouses for billing rates in the St. Louis metropolitan area do not appear to differentiate "disability education" lawyers from "civil rights" law or other practice areas. (ECF No. 44-6). However, Plaintiff did provide comparable rates for employment law and civil rights law, which Plaintiff's attorneys also practice. The rates that Plaintiff's attorneys, Sarah Jane Hunt and Thomas Kennedy, request are within the ranges provided for these areas. Specifically, attorney Hunt seeks to reimbursed at a rate of $300/hr, and attorney Kennedy seeks to be reimbursed at a rate of $400/hr. Plaintiff submitted a document demonstrating billing rates of $200-$350 for "attorneys" or "associates" practicing employment or civil rights law in the St. Louis metropolitan area and billing rates of and $350-$500 for "partners" practicing employment or civil rights law in the St. Louis metropolitan area. (ECF No. 44-6 at 3-7). As a result, when calculating an appropriate

6

attorneys' fee, I will use the rates requested by Plaintiff's counsel.

In summary, incorporating the above reductions, I calculate a reasonable attorneys' fee as follows:

$117,375.00 (lodestar calculated by plaintiff)

(minus)

47.5 hours × (multiplied by) $300/hr = $14,250.00 (reduced hours for SJH)

(minus)

15.1 hours × (multiplied by) $400/hr = $6,040.00 (reduced hours for TEK)

$97,085

× (multiplied by) 0.3556

**$34,523.43**

This value is slightly greater than the 20% requested by the Defendant District, but I conclude that it is a reasonable attorneys' fee, given the issues involved in the case and the degree of success obtained by the Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees, (ECF No. 43), is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded $34,523.43 in attorneys' fees and an additional $773.87 in reimbursable litigation expenses to be assessed against Defendant.

**IT IS FURTHER ORDERED** that plaintiff's motion for bill of costs,

(ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his motion for attorneys' fees, (ECF No. 61). is **GRANTED**.

Dated this 26th day of March, 2019.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE